## Arthur B. Wright, Appellee, v. John P. Wilson et al., Appellants.

### Gen. No. 18,446.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 20, 1913.

### Statement of the Case.

Action by Arthur B. Wright against John P. Wilson, Nathan G. Moore and William B. McIlvaine, as co-partners engaged in the practice of law under the firm name of Wilson, Moore & McIlvaine, to recover plaintiff's share of solicitors' fees allowed by a decree in a proceeding in which plaintiff was associate counsel. From a judgment in favor of plaintiff for two thousand five hundred dollars, defendants appeal.

SCOTT, BANCROFT & STEPHENS, for appellants; FRANK H. SCOTT and LESTER L. FALK, of counsel.

C. H. POPPENHUSEN, JOSEPH L. MCNAB and E. R. JOHNSTON, for appellee; ELBRIDGE HANECY and S. S. GREGORY, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. COSTS, § 64*—*decree construed as to award of solicitors' fees.* A decree in a proceeding to confirm a settlement made between the parties in a will contest, construed as awarding solicitors' fees directly to the solicitors.

2. COSTS, § 64*—*when decree awarding solicitors' fees not subject to collateral attack.* Attorneys accepting an allowance of solicitors' fees and giving a receipt therefor cannot be heard to say in a collateral proceeding that the decree was erroneous in awarding same to the solicitors instead of to the parties.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

3. Costs, § 64*—*when an order for solicitors may direct payment to solicitors directly.* Decree in a chancery proceeding to confirm a settlement of an estate by the parties to a suit in a will contest may award solicitors' fees payable directly to the solicitors of the complainants from the fund, where the services of the solicitors were for the benefit of the fund and all parties in interest.

4. Appeal and Error, § 487*—*when objection to special interrogatories not preserved.* Objection to action of court in submitting interrogatories to the jury, not preserved for review unless urged in the trial court.

5. Appeal and Error, § 1521*—*when submission of special interrogatories harmless.* Error of court in submitting special interrogatories to the jury on immaterial facts, *held* not cause for reversal.

6. Appeal and Error, § 499*—*when objection to allowance of solicitors' fees must be urged.* In an action by an attorney for his share of solicitors' fees awarded by a decree, objection that plaintiff had from time to time been paid for services under a contract and should not be entitled in equity to additional pay from other persons with whom he had no contractual relations, merely because those persons happened to be benefited thereby, must be urged in the chancery court at the time the allowances were made.